UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDAN ALLIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:09-cv-769 (WWE) |
| | : | |
| JEFFREY BENDER and | : | |
| DOMENIC ANGIOLILLO, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Brendan Allis brings this action asserting claims for false arrest and malicious prosecution in violation of the Fourth Amendment. Now pending before the Court is defendants' motion for summary judgment (Doc. #23), which, for the following reasons, will be granted.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

The parties have submitted briefs, a stipulation of facts and supporting exhibits, which reflect the following factual background.[1]

In September 2008, plaintiff Brendan Allis and Maria Allis were undergoing a

---

[1] Plaintiff has filed a motion to strike certain assertions in defendants' statement of fact which, he contends, constitute speculation or inadmissible hearsay. The Court's duty to review only admissible evidence comes not from Fed. R. Civ. P. 12(f) but from Fed. R. Civ. P. 56(c). See Credle-Brown v. State Dep't of Children & Families, 2009 U.S. Dist. LEXIS 33561, *11-13 (D. Conn. Apr. 21, 2009). Pursuant to Rule 56, the Court will ensure that the evidence it reviews on this motion is admissible. As defendants correctly point out, these statements are offered not for the truth of the matter asserted, but to demonstrate what Bender knew at the time that he swore to the affidavit in support of the warrant. As such, the Court will consider these statements to be appropriate.

1

divorce. Prior to their divorce, they lived on Hunters Ridge Road in Wolcott, Connecticut.

On September 10, 2008, between 8:00 and 8:30 a.m., Brendan went to the house in Wolcott to take pictures of a POD storage unit that he believed Maria was filling with his furniture and contents of the house. Although Brendan was not aware of it at the time, he later found out that Maria was in the house that morning.

Later that day, police received a report from Maria about a problem with Brendan. Defendant Officer Jeffrey Bender of the Wolcott Police Department spoke with Maria about the complaint and took a written statement from her. In her statement, Maria indicated that on September 10 at 8:05 a.m., her son told her that he had seen Brendan outside of the house. Maria also stated that she looked outside the front window of the house and saw Brendan walking by the end of the driveway. Maria represented that Brendan had gotten in his truck, which was parked in front of a neighboring mailbox, and left. Maria's statement further indicated that her son had told her that he had seen Brendan on the neighbors' lawn near the POD unit. Finally, Maria stated that she has a restraining order and that one of the conditions is that Brendan is not to be within one hundred yards of the house.[2]

That day, Bender spoke to Brendan on the telephone. Brendan admitted that he

---

[2] Plaintiff's motion to strike is targeted to many of Maria's statements reported in the police report. First, plaintiff claims that he never received the police report during discovery. Defendants point out, and plaintiff does not dispute, that plaintiff never made any discovery demands during the pendency of this litigation. Plaintiff's failure to request any documents from defendants dooms his argument that he did not receive the report. Second, plaintiff asserts that these statement constitute hearsay. Because they are being offered as evidence of what Maria told Officer Bender, the Court will accept the statements and not strike them.

had taken pictures of the POD unit. He stated that he was concerned that Maria may take his belongings.

Bender also spoke to Officer Craig Gulick of the Wolcott Police Department who is a student resource officer at Wolcott High School. Gulick informed Bender that he was told by a student that Brendan Allis was seen on September 9, 2008 at 10:30 p.m. According to Bender's affidavit, the student also told Gulick that Brendan's truck was parked in front of the Allis house, facing the house with the lights on. The student further informed Gulick that he had seen Brendan outside of the truck taking pictures of the house.

That day, Bender returned to the house and used a measuring wheel to measure the distance from the neighbors' mailbox where Brendan's truck had been seen to northeast corner of the Allis house. It measured 144 feet. Bender also measured from the northeast corner of the Allis house to the far northeast corner of the neighbor's property; it was 248 feet.

Bender found out that there was an active restraining order against Brendan which prevented Brendan from being within one hundred yards of Maria. The restraining order provided: "Respondent shall refrain from coming within 100 yards of [Maria]." The restraining order further provided that "Respondent shall refrain from entering the family dwelling, the dwelling of the Protected Person or wherever the Protected Person shall reside."

Bender prepared an arrest warrant for Brendan. The arrest warrant provided: "On 9/10/08 the undersigned affiant checked and found that there is an active restraining order against Brendan Allis with one of the stipulations being that he must

3

remain 100 yards from the residence." The warrant was approved on September 10, and Brendan was arrested that day.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the

4

record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Plaintiff claims that he was arrested without probable cause because Bender committed intentional or reckless misconduct in the pursuit of the arrest warrant. Specifically, plaintiff asserts that Bender made a knowingly false statement in his affidavit. He further claims that without Bender's statement, there would not have been probable cause to issue the arrest warrant.

The Fourth Amendment to the United States Constitution guarantees that an individual shall not be arrested without probable cause. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). This right is violated when an "officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

Probable cause "to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852. "[P]robable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be

5

successful." Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1989). A reviewing court must examine "those facts available to the officer at the time of the arrest and immediately before it." Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996).

"[R]ecklessness may be inferred where the omitted information was critical to the probable cause determination." Golino v. New Haven, 950 F.2d 864, 871 (2d Cir. 1991). In seeking an arrest warrant, a "[p]olice officer[] may not purposely withhold or ignore exculpatory evidence that, if taken into account, would void probable cause…. A failure to make further inquiry when a reasonable person would have done so may evidence a lack of probable cause." Korthas v. City of Auburn, 2006 U.S. Dist. LEXIS 38745, *15 (N.D.N.Y June 9, 2006).

Whether the false information is necessary for a probable cause determination is a mixed question of law and fact and implicates the "corrected affidavits doctrine." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). Pursuant to this doctrine, the court constructs what a hypothetical "corrected" warrant application would contain, based on the facts as known to the applicant at the time, and determines whether this corrected affidavit would support probable cause to arrest. See Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999). The court must "put aside allegedly false material, supply any omitted information, and then determine whether the contents of the 'corrected affidavit' would have supported a finding of probable cause." Martinez v. City of Schenectady, 115 F.3d 111, 115 (2d Cir. 1997). If the hypothetical corrected warrant application would also objectively support probable cause, then there has been no Fourth Amendment violation. Soares, 8 F.3d at 920.

It is true in this case that Bender's statement in pursuit of the arrest warrant was false. The restraining order provided that plaintiff could not go within one hundred yards of Maria, not within one hundred yards of the house. This fact is not dispositive of plaintiff's claim, however. To succeed on his Fourth Amendment claim, he must also demonstrate that if there had been no misstatement, there would not have been probable cause.

It is undisputed, given the size of the plot of land on which the Allis house sits, that when plaintiff was at the neighboring mailbox, he was within one hundred yards of Maria. Bender's misstatement, therefore, was not necessary for a finding of probable cause. There would have been probable cause that plaintiff had violated the restraining order had Bender made an accurate statement to the magistrate in his affidavit. There was no Fourth Amendment violation in this case, and plaintiff's false arrest and malicious prosecution claims will be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Doc. #23) is GRANTED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 11th day of April, 2011.

/s/
Warren W. Eginton
Senior United States District Judge